**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                :
RONALD SEATON,                  :
                                :     Civil Action No.
            Petitioner,         :     09-3808 (RBK)
                                :
        v.                      :     **O P I N I O N**
                                :
WARDEN PAUL SCHULTZ,            :
                                :
            Respondent.         :
_____:


**Kugler**, District Judge:

   This matter is before the Court on an application filed by Ronald Seaton ("Petitioner") seeking habeas corpus relief, pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the application for lack of jurisdiction.

**I.   BACKGROUND**

   Petitioner states that, after his plea of not guilty, he was tried and convicted by a jury in the United States Court for the Eastern District of Pennsylvania; his sentence of 240 months was imposed on April 13, 2005.[1] See Docket Entry No. 1, at 2, 6

---

[1] Petitioner was sentenced on three counts: (1) possession with intent to deliver cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

(providing, separately, the date of sentencing and the name of the sentencing court). Petitioner appealed to the United States Court of Appeals for the Third Circuit arguing that his sentence was unreasonable, plus seeking Rule 29(c)-based judgment of acquittal and, in addition, contending that the Eastern District of Pennsylvania committed reversible errors as to Petitioner's disclosure-seeking motion and his motion to suppress the evidence seized during the warrant-based search. See United States v. Seaton, 178 Fed. App'x 172 (3d Cir. 2006). The Court of Appeals affirmed the district court's judgment in its entirety, including the sentencing aspect. See id.

On January 26, 2007, Petitioner filed his § 2255 motion with the Eastern District of Pennsylvania. See Seaton v. United States, 07-0334 (LDD) (E.D. Pa). His sentencing court denied that motion on June 13, 2007. See id. Slightly more than two years later, i.e., on July 23, 2009, Petitioner executed his instant application at bar. See Docket Entry No. 1-2, at 11.

The application at hand consists of two parts, one being a filled-in preprinted petition form ("Petition"), see Docket Entry No. 1, and another being Petitioner's "Memorandum of Law in Support of 28 U.S.C. § 2241 Motion" ("Memorandum"). See Docket Entry No. 1-2. The Memorandum takes ten pages to describe the events underlying Petitioner's conviction and criminal trial (as perceived by Petitioner), effectively re-stating the very same

challenges that were raised by Petitioner on direct appeal to the Third Circuit and that were already rejected by the Court of Appeals in Seaton, 178 Fed. App'x 172.  The Memorandum concludes with an express request for re-sentencing, asserting as follows:

> Appellant asks to grant this motion on the record and conflicts it's presents here with the motion above.  By re-sentence appellant to the appropriate sentence mention in this motion, that should have been granted if the lawyer had investigated these issues.

Docket Entry No. 1-2, at 10.

The Petition largely reiterates the same, stating three grounds for relief, each of which argues that Petitioner's sentence (including the aspect of Petitioner's sentence enhancement) is improper.  See Docket Entry No. 1, at 4-5 (stating three grounds expressly challenging nothing but Petitioner's sentence).[2]  Yet, taking a sudden twist, paragraph 13 of the Petition, as well as its page 8, reads as follows:

> Petitioner can show under 28 U.S.C. 2241 that although relief under § 2255 may no longer be available to prisoner who prove[s] his actual innocense on existing record, but pursuant to 28 U.S.C. § 2241 otherwise serious constitutional question would arise if person who could prove his actual innocence had no access to judicial review. . . . The interpretation of statute, als, goes on to explain to proceed under § 2241 inmate must show that legal theory he advance relies on change in law that both post date his first 28 U.S.C. § 2255 motion and establish that his theory supports non-frivolous claim of actual innocence, as Petitioner will show in his attached Memorandum.

---

[2] In addition, page 7 of the Petition states challenges to the performance of Petitioner's criminal trial counsel.  See Docket Entry No. 1, at 7.

Docket Entry No. 1, at 8-9.

No other reference to Petitioner's "actual innocence" is made in the Petition, and the Memorandum is wholly silent as to this issue.

## II. DISCUSSION

### A. Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[3]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive

---

[3] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[4] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of

---

[4] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because . . . the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States

Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

**B.   Petitioner's Application Is a Successive § 2255 Motion**

Here, Petitioner's challenges to his sentence squarely fall within the scope of Section 2255.  The sole fact that the Eastern District of Pennsylvania denied Petitioner the relief he desired neither rendered § 2255 an "inadequate or ineffective" remedy, nor did this fact bestow § 2241 jurisdiction upon this Court.  "A section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. . . . . A section 2255 motion is not 'inadequate or ineffective' merely because . . . the sentencing court does not grant relief. . . . Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law."  David v. Grondolsky, 305 Fed. App'x 854, 855-56 (3d Cir. 2009) (affirming district court's decision that a challenge to a sentence or to a sentence enhancement must be construed as a § 2255 motion and citing Davis, 417 U.S. at 343, Okereke, 307 F.3d at 120; Cradle, 290 F.3d at 539, and Dorsainvil, 119 F.3d at 249).

Here, Petitioner's challenges fall short of the Dorsainvil

exception: his underlying offenses did not stop being crimes due to an intervening change of law, and his Petition expresses nothing but his disagreement with the sentencing model employed by the Eastern District of Pennsylvania and affirmed by the Court of Appeals. Therefore, this Court will dismiss Petitioner's application for lack of jurisdiction.[5]

### C.   Petitioner's "Actual Innocence" Claim

Finally, the Court briefly addresses Petitioner's two reference to "actual innocence," although the Court expressly notes that these two references are utterly unrelated to the arguments stated in either the Petition or the Memorandum: rather, the words "actual innocence" appear to be simply "tossed" into the text, without any contextual relation to the rest of Petitioner's application.

A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[6] A litigant

---

[5] In light of the fact that the Court of Appeals already addressed Petitioner's challenges to his sentence, this Court finds it not in the interests of justice to construe Petitioner's application as a motion to the Court of Appeals seeking leave to file second/successive § 2255 motion. However, the Court stresses that the Court's decision to that effect does not prevent Petitioner from seeking such leave on his own.

[6] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations,

must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  A claim of actual innocence requires a petitioner to show: (a) *new reliable evidence not available for presentation at the time of the challenged trial*; and (b) *that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence*.  See House v. Bell, 126 S. Ct. 2064, 2077 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case.  See House, 126 S. Ct. at 2077 (citing Schlup, 513 U.S. at 327).

In the case at bar, Petitioner's claim of "actual innocence" is not based on any new evidence suggesting any "innocence in fact."  Rather, Petitioner merely asserts that his sentence was unduly enhanced and his attorney insufficiently argued certain evidentiary and sentencing points, which were not just available at trial but actually argued to and rejected by Petitioner's

---

such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

sentencing Court during § 2255 proceedings and by the Court of Appeals during Petitioner's direct appeal.

In sum, despite Petitioner's "tossing in" the phrase "actual innocence," his application does not demonstrate any circumstances that could render § 2255 an inadequate or ineffective remedy.  Accordingly, his application will be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed, with prejudice, for lack of jurisdiction.

An appropriate Order accompanies this Opinion.


s/Robert B. Kugler
**Robert B. Kugler**
**United States District Judge**

Dated: August 10, 2009